United States District Court
Southern District of Texas
FILED

APR 28 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN LUIS JARAMILLO | § |
| | § |
| v. | § CIVIL ACTION NO. <u>B 03-74</u> |
| | § |
| FURNITURE FACTORY WAREHOUSE | § |

## ANSWER

FURNITURE FACTORY WAREHOUSE, INC., Defendant, referred to in error by Plaintiff as Furniture Factory Warehouse and as Furniture Factory Warehouse d/b/a D.V.A. Thrift Store, Inc. and F.F.W., Inc., answers the Original Petition (hereinafter referred to as "Complaint") filed in this cause by Juan Luis Jaramillo, Plaintiff, and respectfully shows as follows:

1. Insofar as a responsive pleading is permitted or required, Defendant admits to the allegations set forth in Section A of the Complaint, pertaining to Discovery Control Plan, only insofar as Plaintiff, while in state court, intended to conduct discovery under Level 2 of the Texas Rules of Civil Procedure, but Defendant denies that Plaintiff is entitled to any such procedure or relief in the present matter, and otherwise denies the allegations set forth therein.

2. Defendant, on information and belief, admits to the allegations set forth in the first, un-numbered paragraph of Section B of the Complaint.

3. Defendant denies the allegations set forth in the second, un-numbered paragraph of Section B of the Complaint.

4. Defendant admits to the allegations set forth in Section C of the Complaint, pertaining to venue, only insofar as venue is proper in the Southern District of Texas, Brownsville Division, and otherwise denies the allegations set forth therein.

5. Defendant admits to the allegations set forth in Section D of the Complaint, only insofar as Plaintiff was hired on or about March 20, 2000, and further admits that Plaintiff's employment was terminated, and further, on information and belief, admits that Plaintiff's age at the time his employment terminated was approximately 47 years, and that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, but Defendant otherwise

denies the allegations set forth therein.

6. Defendant admits to the allegations set forth in Section E of the Complaint, only insofar as Plaintiff, on information and belief, was approximately 47 years old at the time his employment terminated, and further that his employment was terminated, but the Defendant otherwise denies the allegations set forth therein.

7. Defendant denies the allegations set forth in Section F of the Complaint.

8. Defendant denies the allegations set forth in the first, un-numbered paragraph of Section G of the Complaint, including any and all sub-sections thereof, and further denies that Plaintiff is entitled to any of the relief sought therein.

9. Defendant denies that Plaintiff is entitled to any of the relief sought in the final paragraph of the Complaint.

10. Any and all allegations set forth in the Complaint which have not heretofore been admitted to or denied are denied.

11. Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that Plaintiff has failed to set forth claims for which relief can be granted.

12. Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that Plaintiff's employment was terminated for lawful and nondiscriminatory reasons unrelated to age or any other protected factor.

13. Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that Plaintiff has failed to mitigate his damages, if any, and Defendant is entitled to an offset for all amounts which the Plaintiff has earned or received, or in the exercise of reasonable diligence should have earned or received, since the date on which his employment terminated.

14. Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads the statutory cap on maximum damages as set forth in 29 U.S.C. §1981a(b).

15. Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that it was at all relevant times a subscriber to workers' compensation insurance, and Plaintiff did not timely and in writing waive such coverage, and notice of Defendant's subscriber status was

given in the manner required by law; accordingly, Plaintiff's claims are barred by the exclusivity provision of the Texas Workers' Compensation Act.

16. Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that Plaintiff's employment was terminated by application of factors which were job-related and consistent with business necessity.

17. Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that Plaintiff was within the protected age category at the time of his hire and that Defendant therefore is entitled to the presumption against a finding of discriminatory intent, according to the "same actor" defense.

18. Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads the statutory cap on punitive damages sought on state common law claims, pursuant to §41.008 of the Civil Practice & Remedies Code, and Defendant pleads all protections offered by Chapter 41 of the Civil Practice & Remedies Code.

19. Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that Plaintiff's claims are barred by privilege and by qualified privilege.

WHEREFORE, FURNITURE FACTORY WAREHOUSE, INC. Defendant, prays that Plaintiff take nothing on his claims, and that Defendant be allowed to go hence with its costs and further be granted general relief.

Respectfully submitted,

Raymond A. Cowley
State Bar I.D. No. 04932400
Federal I.D. No. 8642
4900 A-2 N. 10th St.
McAllen, Texas 78504
Telephone: (956) 686-1287
Telefax : (956) 686-6197

OF COUNSEL:

**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**

J.W. Dyer with permission Raymond A Cowley
J.W. Dyer
State Bar I.D. No. 06316020
Federal I.D. No. 8864
3700 N. 10th St., Suite 105
McAllen, Texas 78501
Telephone: (956) 686-6606
Telefax : (956) 686-6601

OF COUNSEL:

**DYER & ASSOCIATES**

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I, Raymond A. Cowley, hereby certify that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested, to the following counsel of record, on the __28__ day of __April__, 2003.

Mr. Reynaldo Garza, III
680 E. St. Charles, Ste. 110
Brownsville, Texas 78520

Raymond A. Cowley