United States District Court
Southern District of Texas
FILED

AUG 0 7 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN LUIS JARAMILLO | § § | |
| v. | § § | CIVIL ACTION NO. B 03-74 |
| FURNITURE FACTORY WAREHOUSE | § § | |

**PLAINTIFF'S AND DEFENDANT'S
JOINT DISCOVERY/CASE MANAGEMENT PLAN**

JUAN LUIS JARAMILLO, Plaintiff, and FURNITURE FACTORY WAREHOUSE, Defendant, in the above-referenced action, file this their Joint Discovery/Case Management Plan, as required by the Cost and Delay Reduction Plan in the Civil Justice Reform Act of 1990 adopted by the Court on October 24, 1991.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identifies the counsel who attended for each party.

   The meeting took place by telephone and by exchange of drafts, commencing on July 22, 2003.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   There presently are none.

3. Briefly describe what this case is about.

   Plaintiff alleges that he was discriminated against and discharged on account of his age in violation of the Age Discrimination in Employment Act of 1967, (ADEA), 29 U.S.C. §§621, et seq., and further alleges intentional infliction of emotional distress. Defendant denies the allegations.

4. Specify the allegation of federal jurisdiction.

   This court has subject matter jurisdiction by virtue of the claims brought under the ADEA, a federal statute.

5. Name the parties who disagree and the reasons.

The parties are in agreement that subject matter jurisdiction is proper in this Court.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

There are none anticipated.

7. List anticipated interventions.

There are none anticipated.

8. Describe class-action issues.

There are none.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Initial disclosures will be exchanged within twenty (20) days following the initial pre-trial and scheduling conference.

10. Describe the proposed agreed discovery plan, including:

A) Responses to all the matters raised in Rule26(f).

(a) Rule 26(f)(1) - See response to Number 9.

(b) Rule 26 (f)(2) - Plaintiff and Defendant will conduct discovery based upon claims made and defenses asserted in this lawsuit. The parties anticipate discovery will be completed by January 31, 2004.

(c) Rule 26(f)(3) - No changes needed at this time, subject to arrangements of the parties.

(d) Rule 26(f)(4) - None known at this time.

B) When and to whom the Plaintiff anticipates it may send interrogatories.

The Plaintiff will propound interrogatories to the Defendant prior to August 30, 2003.

C) When and to whom the Defendant anticipates they may send interrogatories.

    The Defendant anticipates sending written interrogatories to the Plaintiff by August 30, 2003.

  D)  Of whom and by when the Plaintiff anticipates taking oral depositions.

    The Plaintiff anticipates taking the depositions of various representative(s) of Defendant prior to the discovery deadline or after the discovery deadline by agreement of both parties or order of this Court.

  E)  Of whom and by when the defendant anticipates taking oral depositions.

    The Defendant anticipates taking the oral depositions of the Plaintiff, and possibly others named as having knowledge of relevant facts. Such shall be completed by the discovery deadline or after the discovery deadline by agreement of both parties or order of this Court.

  F)  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

    The party with the burden of proof on the issue will identify experts and provide their reports at least 60 days prior to the discovery deadline. Rebuttal reports will be provided at least 30 days prior to the discovery deadline.

  G)  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

    The Plaintiffs will take depositions of designated experts by the discovery deadline, or after the discovery deadline by agreement of both parties and order of this Court.

  H)  List expert depositions the opposing party anticipates taking their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

    The Defendant will take depositions of designated experts by the discovery deadline, or after the discovery deadline by agreement of both parties and order of this Court.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

  The parties are in agreement.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

There has been none.

13. State the date the planned discovery can reasonably be completed.

   January 31, 2004.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

   The parties are at this time unable to respond. Mediation at the administrative stage was unsuccessful.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

   The case was mediated while at the administrative stage.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

   The parties are unable at this time to respond.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   The parties agree to proceed before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

   A jury demand was timely made.

19. Specify the number of hours it will take to present the evidence in this case.

   The parties estimate a trial taking 30-45 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   There presently are none.

21. List other motions pending.

   None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    There are none.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing original and any amendments.

    Such disclosures have been made by the parties.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

    Mr. Reynaldo Garza, III
    State Bar No. 24008806
    680 E. St. Charles, Ste. 110
    Brownsville, Texas 78520
    Telephone: (956) 574-9502
    Facsimile: (956) 574-9506
    Attorney for Plaintiff

    Raymond A. Cowley
    Fed. No. 8642
    State Bar No. 04932400
    Rodriguez, Colvin & Chaney, L.L.P.
    4900 A-2 N. 10th St.
    McAllen, Texas 78504
    Telephone: (956) 686-1287
    Facsimile : (956) 686-6197
    Attorney for Defendant

                                        Respectfully submitted,

                                        /s/ Raymond A. Cowley
                                        Raymond A. Cowley
                                        State Bar I.D. No. 04932400
                                        Fed. No. 8642
                                        4900 A-2 N. 10th St.
                                        McAllen, Texas 78504
                                        Telephone: (956) 686-1287
                                        Telefax : (956) 686-6197

                                        ATTORNEY FOR DEFENDANT

OF COUNSEL:

**RODRIGUEZ, COLVIN & CHANEY LLP**

_____
Mr. Reynaldo Garza, III
State Bar No. 24008806
680 E. St. Charles, Ste. 110
Brownsville, Texas 78520
Telephone: (956) 574-9502
Facsimile: (956) 574-9506

ATTORNEY FOR PLAINTIFF

OF COUNSEL:

**LAW OFFICES OF REYNALDO GARZA, III**

## CERTIFICATE OF SERVICE

I, Reynaldo Garza, III, hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record, by certified mail, return receipt requested on the 7th day of August, 2003.

Raymond A. Cowley
Rodriguez, Colvin & Chaney, LLP
4900 N. 10th St., Bldg. A-2
McAllen, TX 78504

_____
Reynaldo Garza, III